# Hubbard *v.* The State.

*Embezzlement.*

(Decided Feb. 1, 1912.   57 South. 1012.)

*Embezzlement; Instructions.*—Where the defendant was charged with embezzling lodge funds, and the evidence showed that he was treasurer of the lodge, and there was evidence tending to show that he still had the money as such treasurer and had refused to pay it out on the unauthorized demand of other officers, or had refused to deliver it on such demand, defendant was entitled to have the jury instructed that if he had not converted the money, but still held it as treasurer, he should be acquitted.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Dave Hubbard was convicted of embezzlement, and he appeals. Reversed and remanded.

D. A. BAKER, for appellant.   Under the facts in this case, the defendant was entitled to the charges requested by him.—*Henderson v. The State,* 129 Ala. 104; 78 Ala. 31; 77 Ala. 71; 55 Ala. 148.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State.   The court properly refused the charges requested.—*Farriss v. State,* 85 Ala. 1; *Ramsey v. State,* 91 Ala. 29; *Marx v. Lienkauf,* 95 Ala. 453; *A. G. S. v. Hill,* 93 Ala. 514; *Boyd v. Jones,* 96 Ala. 305; *Payne v. State,* 148 Ala. 608.

DE GRAFFENRIED, J.—The defendant was arrested under a warrant issued upon an affidavit made before O. Worthy, notary public and justice of the peace, in which it is charged that the affiant "has probable cause for believing and does believe that, in Pike county, within twelve months before making this af-

fidavit, Dave Hubbard, being the treasurer of the Rose Hill Lodge 6357, of the Grand United Order of Odd Fellows, a corporation for colored people, in Troy, Alabama, embezzled or fraudulently converted to his own use money to the amount of ten dollars, which came into his possession by virtue of his office or employment."

The defendant's testimony tended to show that he was the treasurer of said Rose Hill Lodge; that he had in his possession the money referred to in the above affidavit as such treasurer, and had never paid it out to any one; and he produced $10 in court as the money which had come into his hands as such treasurer, being the money, as claimed by him, which he was charged with having embezzled or fraudulently converted to his own use. The defendant testified that certain officers, claiming to be the proper officers of the lodge, had demanded the money from him, but that they were not authorized to receive it, and that a payment of the money to them would not have operated as a discharge to him as treasurer of such lodge.

This being the condition of the evidence, the defendant asked the court in writing to charge the jury as follows: "If the jury believe from the evidence, the defendant has not embezzled or fraudulently converted the money charged to have been embezzled or fraudulently converted by him, but still holds it in his possession as the treasurer of said lodge, he should be acquitted."

Without discussing the other questions presented by this record, and without intimating any opinion as to any of such questions, we desire to say that the court plainly erred in refusing to give the above charge to the jury.

Reversed and remanded.